### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
## 23-20421-CR-SCOLA/GOODMAN
CASE NO. _____

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1956(h)
18 U.S.C. § 1957(a)
18 U.S.C. § 2
18 U.S.C. § 982(a)(1)
18 U.S.C. § 982(a)(2)(A)

FILED BY_____*KAN*____D.C.

*Oct 25, 2023*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

vs.

**HEIDI CID,**
**LAZARO VERDECIA HERNANDEZ, and**
**YADIER RODRIGUEZ ARTEAGA,**

          Defendants.

_____

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Indictment:

#### The Paycheck Protection Program

1.      The Coronavirus, Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in or around March 2020 designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the Paycheck Protection Program ("PPP"), the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses.

2.      In order to obtain a PPP loan, a qualifying business had to be in operation on or

before February 15, 2020, and had to submit a PPP loan application.  The loan application required the signature of an authorized representative and the business, through its authorized representative, to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.  In the PPP loan application, the business had to include, among other things, its average monthly payroll expenses and number of employees.  These figures were used to calculate the amount of money the business was eligible to receive under the PPP.  In support of the application, the businesses were required to provide documentation to the lending institution in order to show that they qualified for the loan.  Typically, businesses would supply documents showing the amount of payroll taxes reported to the Internal Revenue Service ("IRS") along with their monthly bank statements.  The banks required these records to show that the company was in existence prior to the enactment of the CARES Act and that the company had payroll expenses justifying the amount of PPP loan funds requested by the company.

3.    A PPP loan application was processed by a participating lender.  If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the Small Business Administration ("SBA").  Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4.    PPP loan proceeds were required to be used by the business on certain permissible expenses-payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan

proceeds on payroll expenses.

## The Financial Institutions

5.      Lender 1 was a financial institution based in Salt Lake City, Utah, that was insured by the Federal Deposit Insurance Corporation ("FDIC").  Lender 1 was an approved SBA lender of PPP loans.

6.      Lender 2 was a financial institution based in Fort Lee, New Jersey, that was insured by the Federal Deposit Insurance Corporation ("FDIC").  Lender 2 was an approved SBA lender of PPP loans.

7.      Bank 1 was a financial institution based in Charlotte, North Carolina, that was insured by the FDIC.

8.      Bank 2 was a financial institution based in Charlotte, North Carolina, that was insured by the FDIC.

9.      Bank 3 was a financial institution based in Cherry Hill, New Jersey, that was insured by the FDIC.

10.     Bank 4 was a financial institution based in New York, New York that was insured by the FDIC.

11.     Bank 5 was a financial institution based in San Francisco, California, that was insured by the FDIC.

12.     Bank 6 was a financial institution based in Melbourne, Florida, that was insured by the FDIC.

## The Defendants and Related Entities

13.     Mi Casa, Your Home, LLC was a Florida corporation with its listed principal address in Hialeah, Florida.  From on or about June 16, 2016, through on or about January 29, 2020, defendant **HEIDI CID**, a resident of Miami-Dade County, was the registered agent and sole officer of the corporation.

14.     On or about January 29, 2020, Co-Conspirator 1, a resident of Miami-Dade County, became the registered agent and sole officer of Mi Casa, Your Home, LLC.

15.     LVH MA Group, Inc was a Florida corporation with its listed principal address in Hialeah, Florida. From on or about February 13, 2019, through on or about December 23, 2019, defendant **LAZARO VERDECIA HERNANDEZ**, a resident of Miami-Dade County, was the registered agent and sole officer of the corporation.

16.     On or about December 23, 2019, Co-Conspirator 2, a resident of Miami-Dade County, became the registered agent and sole officer of LVH MA Group, Inc.

17.     Yadier Rodriguez Arteaga Corp was a Florida corporation with its listed principal address in Hialeah Gardens, Florida.  From on or about May 17, 2018, through on or about May 21, 2020, defendant **YADIER RODRIGUEZ ARTEAGA**, a resident of Miami-Dade County, was the registered agent and sole officer of the corporation.

18.     On or about May 23, 2020, Co-Conspirator 3, a resident of Miami-Dade County, became the registered agent and sole officer of Yadier Rodriguez Arteaga Corp.

19.     Trueba Body Shop Corp was a Florida corporation with its listed principal address in Hialeah Gardens, Florida. Jorge Trueba Lopez, a resident of Miami-Dade County, was the registered agent and sole officer of the corporation.

4

20.     El Sol Party Rental Corp was a Florida corporation with its listed principal address in Miami, Florida.  Roberto Lopez, a resident of Miami-Dade County, was the registered agent and sole officer of the corporation.

21.     Business Enterprises USA, Inc. was a Florida corporation with its listed principal address in Miami, Florida.  Oreste Ruiz Linares, a resident of Miami-Dade County, was the registered agent and sole officer of the corporation.

22.     Corporation 1 was a Florida corporation with its listed principal address in West Palm Beach, Florida. Co-Conspirator 4, a resident of Palm Beach County, was an officer of the corporation.

23.     Saavedra A/C Repairs Corp was a Florida corporation registered on or about February 21, 2020, with its listed principal address in Miami, Florida. Nancy Saavedra Torres, a resident of Miami-Dade County, was the registered agent and sole officer of the corporation.

24.     Akira Parfums Corp was a Florida corporation with its listed principal address in Miami, Florida.  Barbara Alvarez, a resident of Miami-Dade County, was the registered agent and sole officer of the corporation.

25.     Cabinet Installations & Sales Corp was a Florida corporation with its listed principal address in Miami, Florida.  Kenia Carrillo, a resident of Miami-Dade County, was the registered agent and sole officer of the corporation.

26.     Global Towing and Repair Corp was a Florida corporation with its listed principal address in Miami, Florida.  Alfredo Contrera, a resident of Miami-Dade County, was the registered agent and sole officer of the corporation.

5

27.     L&G Ready Mix LLC was a Texas corporation with its listed principal address located in Houston, Texas. Leonardo Gonzalez Lopez, a resident of Houston, Texas, was the registered agent and sole officer of the corporation.

28.     Professional Skills, Inc. was a Florida corporation with its listed principal address in Miami, Florida. Giraldo Caraballo, a resident of Miami-Dade County, was the registered agent and sole officer of the corporation.

29.     Honolio Navarro Concrete Inc was a Florida corporation with its listed principal address in Miami, Florida.  Honolio Navarro Caballero, a resident of Miami-Dade County, was the sole officer of the corporation.

30.     Pico Construction & Remodeling Corp was a Florida corporation with its listed principal address in Miami, Florida.  Javier Pico, a resident of Miami-Dade County, was the registered agent and sole officer of the corporation.

31.     Gonzalez Gomez Remodeling Corp was a Florida corporation with its listed principal address in West Palm Beach, Florida. Erisbel Gonzalez Gomez, a resident of Palm Beach County, was the registered agent and sole officer of the corporation.

## COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

1.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.     From in or around May 2020, through on or about June 23, 2020, in Miami-Dade and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

**HEIDI CID,**

**LAZARO VERDECIA HERNANDEZ, and
YADIER RODRIGUEZ ARTEAGA,**

did willfully, that is, with intent to further the object of the conspiracy, and knowingly combine,

conspire, confederate, and agree with each other, and with others known and unknown to the Grand

Jury, to commit wire fraud, that is, to knowingly, and with the intent to defraud, devise, and intend

to devise, a scheme and artifice to defraud, and to obtain money and property by means of

materially false and fraudulent pretenses, representations, and promises, knowing that the

pretenses, representations, and promises were false and fraudulent when made, and, for the purpose

of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means

of wire communication in interstate and foreign commerce, certain writings, signs, signals,

pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3.      It was the purpose of the conspiracy for the defendants and their co-conspirators

to unlawfully enrich themselves by, among other things: (a) submitting and causing the

submission of false and fraudulent applications for loans made available through the SBA to

provide relief for the economic effects caused by the COVID-19 pandemic, including PPP

loans; (b) offering, paying, and receiving kickbacks in return for assisting individuals with the

filing of the false and fraudulent loan applications; and (c) diverting fraud proceeds for the

defendants' and co-conspirators' personal use, the use and benefit of others, and to further the

conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought

7

to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.      **HEIDI CID**, **LAZARO VERDECIA HERNANDEZ**, **YADIER RODRIGUEZ ARTEAGA**, and others known and unknown to the Grand Jury, agreed to submit, and caused the submission of, online PPP loan applications at Lenders 1 and 2 on behalf of entities that the defendants and their co-conspirators controlled. These entities included Mi Casa, Your Home, LLC, LVH MA Group Inc, Yadier Rodriguez Arteaga Corp, Trueba Body Shop Corp, El Sol Party Rental Corp, Business Enterprises USA, Inc., Corporation 1, Saavedra A/C Repairs Corp, Akira Parfums Corp, Cabinet Installations & Sales Corp, Global Towing and Repair Corp, L&G Ready Mix LLC, Professional Skills, Inc., Honolio Navarro Concrete Inc, Pico Construction & Remodeling Corp, and Gonzalez Gomez Remodeling Corp.

5.      In these PPP loan applications, **HEIDI CID**, **LAZARO VERDECIA HERNANDEZ**, **YADIER RODRIGUEZ ARTEAGA**, and others known and unknown to the Grand Jury, made false and fraudulent representations regarding each entity's number of employees and payroll and submitted false and fraudulent purported tax records and bank statements in support thereof. The defendants, and others known and unknown to the Grand Jury, also falsely represented that they and their entities would use the PPP funds for payroll.

6.      As a result of the conspiracy's false and fraudulent loan applications, **HEIDI CID**, **LAZARO VERDECIA HERNANDEZ**, **YADIER RODRIGUEZ ARTEAGA**, and others known and unknown to the Grand Jury, caused Lenders 1 and 2 to fraudulently disburse PPP funds to accounts that the defendants and their co-conspirators controlled.

7.    **HEIDI CID**, **LAZARO VERDECIA HERNANDEZ**, **YADIER RODRIGUEZ**

**ARTEAGA**, and their co-conspirators thereafter used the funds for their own personal use and

benefit, and to share the proceeds, in furtherance of the fraudulent scheme.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-14
### Wire Fraud
### (18 U.S.C. § 1343)

1.    The General Allegations section of this Indictment is re-alleged and incorporated

by reference as though fully set forth herein.

2.    From in or around May 2020, through on or about June 23, 2020, in Miami-Dade

and Palm Beach Counties, in the Southern District of Florida, the defendants,

### HEIDI CID,
### LAZARO VERDECIA HERNANDEZ, and
### YADIER RODRIGUEZ ARTEAGA,

as set forth in each count below, did knowingly, and with the intent to defraud, devise, and intend

to devise, a scheme and artifice to defraud, and to obtain money and property by means of

materially false and fraudulent pretenses, representations, and promises, knowing that the

pretenses, representations, and promises were false and fraudulent when made, and, for the purpose

of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means

of wire communication in interstate and foreign commerce, certain writings, signs, signals,

pictures and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE SCHEME AND ARTIFICE

3.    It was the purpose of the scheme and artifice for the defendants and their

accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing

9

the submission of false and fraudulent applications for loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for assisting individuals with the filing of the false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendants' and co-conspirators' personal use, the use and benefit of others, and to further the fraud.

## THE SCHEME AND ARTIFICE

4.      The Manner and Means of the Conspiracy section of Count 1 of this Indictment is re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF WIRES

5.      On or about the dates specified as to each Count below, in the Southern District of Florida, and elsewhere, **HEIDI CID**, **LAZARO VERDECIA HERNANDEZ**, and **YADIER RODRIGUEZ ARTEAGA**, as specified as to each Count below, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

10

| Count | Approximate Date | Defendant(s) | Description of Wire |
|---|---|---|---|
| 2 | May 26, 2020 | **HEIDI CID** | Electronic transmission of a PPP loan application containing false information about the number of employees and monthly payroll of Mi Casa, Your Home, LLC, a forged bank statement, and forged tax documents, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |
| 3 | May 26, 2020 | **HEIDI CID and LAZARO VERDECIA HERNANDEZ** | Electronic transmission of a PPP loan application containing false information about the number of employees and monthly payroll of Trueba Body Shop Corp, a forged bank statement, and forged tax documents, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |
| 4 | May 27, 2020 | **HEIDI CID and YADIER RODRIGUEZ ARTEAGA** | Electronic transmission of a PPP loan application containing false information about the number of employees and monthly payroll of Yadier Rodriguez Arteaga Corp, a forged bank statement, and forged tax documents, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |

| Count | Approximate Date | Defendant(s) | Description of Wire |
|-------|------------------|--------------|---------------------|
| 5 | May 28, 2020 | **HEIDI CID and LAZARO VERDECIA HERNANDEZ** | Electronic transmission of a PPP loan application containing false information about the number of employees and monthly payroll of El Sol Party Rental Corp, and forged tax documents, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |
| 6 | May 28, 2020 | **HEIDI CID** | Electronic transmission of a PPP loan application containing false information about the number of employees and monthly payroll of Business Enterprises USA, Inc. and forged tax documents, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |
| 7 | May 29, 2020 | **HEIDI CID** | Electronic transmission of a PPP loan application containing false information about the number of employees and monthly payroll of Corporation 1, a forged bank statement, and forged tax documents, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |

| Count | Approximate Date | Defendant(s) | Description of Wire |
|-------|------------------|--------------|---------------------|
| 8 | May 30, 2020 | **HEIDI CID** | Electronic transmission of a PPP loan application containing false information about the number of employees and monthly payroll of Saavedra A/C Repairs Corp, a forged bank statement, and forged tax documents, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |
| 9 | June 4, 2020 | **HEIDI CID** | Electronic transmission of a PPP loan application containing false information about the number of employees and monthly payroll of Akira Parfums Corp, and forged tax documents, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |
| 10 | June 15, 2020 | **HEIDI CID** | Electronic transmission of a PPP loan application containing false information about the number of employees and monthly payroll of Cabinet Installations & Sales Corp, false information that Kenia Carrillo was not under a bankruptcy proceeding, and forged tax documents, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |

| Count | Approximate Date | Defendant(s) | Description Of Wire |
|-------|------------------|--------------|---------------------|
| 11 | June 15, 2020 | **HEIDI CID** | Electronic transmission of a PPP loan application containing false information about the number of employees and monthly payroll of Global Towing and Repair Corp, and forged tax documents, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |
| 12 | June 16, 2020 | **HEIDI CID** | Electronic transmission of a PPP loan application containing false information about the number of employees and monthly payroll of LVH MA Group, Inc, a forged bank statement, and forged tax documents, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |
| 13 | June 19, 2020 | **HEIDI CID** | Electronic transmission of a PPP loan application containing false information about the number of employees and monthly payroll of L&G Ready Mix LLC, and forged tax documents, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |
| 14 | June 23, 2020 | **HEIDI CID** | Electronic transmission of a PPP loan application containing false information about the number of employees and monthly payroll of Professional Skills, Inc., and forged tax documents, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 15
### Conspiracy To Commit Money Laundering
### (18 U.S.C. § 1956(h))

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around May 2020, through in or around January 2021, in Miami-Dade and Palm Beach Counties, within the Southern District of Florida, and elsewhere, defendants,

**HEIDI CID,**
**LAZARO VERDECIA HERNANDEZ, and**
**YADIER RODRIGUEZ ARTEAGA,**

did knowingly and voluntarily, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with each other, and others known and unknown to the grand jury, to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a), as follows:

a.      to knowingly conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b.      to knowingly engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce in criminally derived property of a value greater than $10,000 that is derived from specified unlawful activity, in violation of Title 18, United States

15

Code, Section 1957(a).

All in violation of Title 18, United States Code, Section 1956(h).

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS 16-23**
**MONEY LAUNDERING**
**(18 U.S.C. § 1957(a))**

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates set forth in each count below, in Miami-Dade County, in the Southern District of Florida, **HEIDI CID**, **LAZARO VERDECIA HERNANDEZ**, and **YADIER RODRIGUEZ ARTEAGA**, as specified in each count below, did knowingly engage and attempt to engage in a monetary transaction by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, as more specifically described below:

| Count | Approximate Date | Defendant(s) | Financial Transaction |
|-------|------------------|--------------|------------------------|
| 16 | May 28, 2020 | **LAZARO VERDECIA HERNANDEZ** | Caused a bank transfer of approximately $46,000 from an account in the name of Trueba Body Shop Corp ending in 5225 at Bank 1 in the Southern District of Florida to an account owned and controlled by **LAZARO VERDECIA HERNANDEZ** ending in 6526 at Bank 1 |

16

| Count | Approximate Date | Defendant(s) | Financial Transaction |
|-------|------------------|--------------|------------------------|
| 17 | May 29, 2020 | **LAZARO VERDECIA HERNANDEZ and HEIDI CID** | Caused the wire transfer of approximately $32,000 from an account ending in 6526 at Bank 1 in the Southern District of Florida to an attorney's escrow account for the purchase of property at 5985 W 13th Ave. Hialeah, FL 33012 |
| 18 | June 9, 2020 | **HEIDI CID** | Caused a wire transfer of approximately $50,000 from an account in the name of Yadier Rodriguez Arteaga Corp ending in 4308 at Bank 2 in the Southern District of Florida to an account owned and controlled by **HEIDI CID** ending in 7565 at Bank 3 |
| 19 | July 9, 2020 | **HEIDI CID** | Wire transferred approximately $19,517.06 from an account ending in 7565 at Bank 3 in the Southern District of Florida to an attorney's escrow account to pay off a mortgage for a property located at 16320 NW 37th Ave. Miami Gardens, FL 33054 |
| 20 | July 2, 2020 | **YADIER RODRIGUEZ ARTEAGA** | Caused a wire transfer of approximately $209,000 from an account in the name of L&G Ready Mix LLC ending in 9902 at Bank 4 in Texas to an account owned and controlled by **YADIER RODRIGUEZ ARTEAGA** ending in 1167 at Bank 2 |

17

| Count | Approximate Date | Defendant(s) | Financial Transaction |
|---|---|---|---|
| 21 | July 7, 2020 | **YADIER RODRIGUEZ ARTEAGA** | Caused a wire transfer of approximately $168,000 from an account in the name of Professional Skills, Inc. ending in 2390 at Bank 5 in the Southern District of Florida to an account owned and controlled by **YADIER RODRIGUEZ ARTEAGA** ending in 1167 at Bank 2 |
| 22 | November 25, 2020 | **YADIER RODRIGUEZ ARTEAGA and LAZARO VERDECIA HERNANDEZ** | Caused a wire transfer of approximately $187,717.93 from an account ending in 1167 at Bank 2 in the Southern District of Florida to a title company's bank account for the purchase of a property located at 19820 SW 132 Ct. Miami, FL 33177 |
| 23 | December 28, 2020 | **YADIER RODRIGUEZ ARTEAGA and LAZARO VERDECIA HERNANDEZ** | Wire transferred approximately $100,000 from an account ending in 1167 at Bank 2 to bank account owned and controlled by **LAZARO VERDECIA HERNANDEZ** ending in 1972 at Bank 6 |

In violation of Title 18, United States Code, Sections 1957(a) and 2.

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Sections 1343 and (2).

## FORFEITURE ALLEGATIONS

1.     The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **HEIDI CID**, **LAZARO VERDECIA HERNANDEZ**, and

18

**YADIER RODRIGUEZ ARTEAGA** have an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 1343 or 1349, as alleged in this Indictment, the defendants shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3.      Upon conviction of a violation of Title 18, United States Code, Section 1956 or 1957, as alleged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4.      The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to:

a.      The real property located at 5985 W 13 AVE, HIALEAH, FLORIDA 33012.

5.      If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p). Such substitute property includes, but is not limited

to, the following:

      a.     The real property located at 16225 SW 107 CT, MIAMI, FLORIDA 33157; and

      b.     The real property located at 4211 NW 195 ST, MIAMI GARDENS, FLORIDA
33055.

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(2)(A), and the

procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18,

United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

THOMAS HAGGERTY
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**                    **CASE NO.:** _____

**v.**

                                                **CERTIFICATE OF TRIAL ATTORNEY**

HEIDI CID, et al.,

                                                **Superseding Case Information:**
_____/                      New Defendant(s) (Yes or No) _____
            Defendants.                         Number of New Defendants _____
**Court Division** (select one)                 Total number of counts _____
    ☒ Miami      ☐ Key West    ☐ FTP
    ☐ FTL        ☐ WPB

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) Yes _____
    List language and/or dialect: Spanish _____

4.  This case will take ___7___ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                    (Check only one)
    I    ☐ 0 to  5 days                 ☐ Petty
    II   ☒ 6 to 10 days                 ☐ Minor
    III  ☐ 11 to 20 days                ☐ Misdemeanor
    IV   ☐ 21 to 60 days                ☐ Felony
    V    ☐ 61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) No _____
    If yes, Judge _____  Case No. _____

7.  Has a complaint been filed in this matter? (Yes or No) No _____
    If yes, Magistrate Case No. _____

8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) No _____
    If yes, Judge _____  Case No. _____

9.  Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No _____

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No _____

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No _____

15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No _____

                                    By:    _____

                                           THOMAS HAGGERTY
                                           Assistant United States Attorney
                                           FL Bar No.    46136

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: HEIDI CID

**Case No**:

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000.00

Counts #: 2-14

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** 20 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000.00

Count #: 15

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment:** 20 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $500,000.00 or twice the value of the property involved in the transaction
(whichever is greater)

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: HEIDI CID

**Case No**:

Counts #: 17-19

Money Laundering

Title 18, United States Code, Section 1957(a)
* **Max. Term of Imprisonment:** 10 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000.00 or up to twice the value of the property involved in the transaction.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: LAZARO VERDECIA HERNANDEZ

**Case No**:

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000.00

Count #: 3

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** 20 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000.00

Count #: 15

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment:** 20 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $500,000.00 or twice the value of the property involved in the transaction
(whichever is greater)

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>LAZARO VERDECIA HERNANDEZ</u>

**Case No**: _____

Counts #: 16, 17 and 22

<u>Money Laundering</u>

<u>Title 18, United States Code, Section 1957(a)</u>
* **Max. Term of Imprisonment:** 10 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000.00 or up to twice the value of the property involved in the transaction.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: YADIER RODRIGUEZ ARTEAGA

**Case No**:

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 Years
* **Max. Fine:**  $250,000.00

Count #: 4

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** 20 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000.00

Count #: 15

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment:** 20 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $500,000.00 or twice the value of the property involved in the transaction (whichever is greater)

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>YADIER RODRIGUEZ ARTEAGA</u>

**Case No**: _____

Counts #: 20-23

Money Laundering

Title 18, United States Code, Section 1957(a)
* **Max. Term of Imprisonment:** 10 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000.00 or up to twice the value of the property involved in the transaction.

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**