United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America )<br>v. )<br>Lazaro Verdecia Hernandez and )<br>Yadier Rodriguez Arteaga, )<br>Defendants. ) | Criminal Case No. 23-20421 |

### Order on Government's Motion in Limine and Defendant Rodriguez Arteaga's Motion to Strike the Motion in Limine

This matter comes before the Court on the Government's motion in limine to admit inextricably intertwined evidence (ECF No. 70) and Defendant Yadier Rodriguez Arteaga's motion to strike the Government's motion in limine. (ECF No. 80.) On November 1, 2024, the Court heard oral arguments on the motions ahead of trial. Having considered the motions, the arguments presented by counsel, the record, and the relevant legal authorities, the Court **grants in part** the Government's motion in limine (**ECF No. 70**), and the Court **denies** Defendant Rodriguez Arteaga's motion to strike. (**ECF No. 80**.)

Defendants Verdecia and Rodriguez face wire fraud and money laundering charges stemming from their alleged participation in a scheme to defraud the Paycheck Protection Program ("PPP"). (Indictment, ECF No. 1.) The Government sought to admit "inextricably intertwined evidence" of two credit card schemes and a small business loan scheme that preceded the alleged PPP fraud conspiracy. (ECF No. 70.) The Government attests that it will admit such evidence via the testimony of Co-Defendant Heidi Cid and through her notebook entries. (*Id.* at 4.)

The first credit card fraud scheme, according to the Government, started with Defendant Verdecia executing fraudulent transactions using other peoples' credit cards; "Verdecia would then return the items purchased for cash or sell them for cash." (*Id.*) The Government alleges that Cid accompanied Verdecia on trips in furtherance of the scheme and recorded purchases and credit cards in her notebook. (*Id.*) Further, the Government alleges that Defendant Rodriguez joined the credit card scheme in 2019, that he received fraudulently obtained credit cards or merchandise at his home, and Cid's notebook details Rodriguez's residence as the delivery location for stolen items below victims' information. (*Id.*)

In the motion, the Government also sought to introduce evidence of a second credit card fraud scheme. (*Id.* at 5.) However, at the hearing, the Government agreed that it would not introduce evidence of the credit card

scheme related to Verdecia's automotive body shop in its case in chief, and therefore withdrew that request. The Government reserves the right to introduce this evidence in rebuttal.

The third scheme the Government seeks to admit allegedly preceded the alleged PPP fraud. (*Id.*) According to the Government, Cid will testify that prior to the COVID-19 pandemic, she and Verdecia transferred ownership of two of their companies to their co-conspirators from the automotive body shop credit card scheme. (*Id.* at 5-6.) The Government seeks to introduce evidence that they used the companies to perpetuate small business loan fraud, a scheme which "evolved" into the charged PPP fraud conspiracy. (*Id.* at 6.)

Pursuant to Federal Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts" is inadmissible to prove character or propensity, but it is admissible for other purposes. Fed. R. Evid. 404(b); *United States v. Chavez*, 204 F.3d 1305, 1316–17 (11th Cir. 2000). Evidence is admissible under 404(b) if it is relevant for a non-propensity purpose, if the jury can find the prior act occurred, and if the evidence satisfies Rule 403. *Id.* The non-propensity reasons outlined by rule 404(b) include "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Evidence "falls outside the scope of rule 404(b)'s prohibition if it is 'intrinsic' to the charged offenses." *United States v. Munne*, No. 23-10258, 2024 WL 4003395, at *4 (11th Cir. Aug. 30, 2024) (citing *United States v. Estrada*, 969 F.3d 1245, 1274 (11th Cir. 2020). Intrinsic acts are those that "arose out of the same transaction or series of transactions as the charged offense," are "necessary to complete the story of the crime," or are "inextricably intertwined with the evidence regarding the charged offense" *Id.* (cleaned up).

When evidence shows "why coconspirators agree to commit crimes with one another", such facts "are intrinsic to a charged conspiracy." *Id.* (collecting cases). Specifically, when the prior acts show the co-conspirators "had a past, successful working relationship," such acts are intrinsic and therefore outside the scope of Rule 404(b)'s prohibition.

Here, the prior acts the Government seeks to introduce at trial similarly illustrate that the three co-defendants "had a past, successful working relationship." *See id.* The Government will introduce testimony about the prior schemes not to show propensity, but to demonstrate how the Defendants were "able to carry out such a large conspiracy in such a short period of time" and why the Defendants were willing to enter into the conspiracy with one another. (ECF No. 70); *see also Munne*, No. 23-10258, 2024 WL 4003395, at *4. The evidence will be introduced via the testimony of a co-defendant, which is sufficient to establish the prior acts' occurrence by the preponderance of the evidence. *See Munne*, No. 23-10258, 2024 WL 4003395, at *5 (holding a "single witness's 'uncorroborated testimony' can be sufficient to prove other acts'

Case 1:23-cr-20421-RNS Document 84 Entered on FLSD Docket 11/01/2024 Page 3 of 3

existence). Finally, the probative value of the prior acts evidence—illustrating how the Defendants were able to carry out the conspiracy in such a short period of time, showing why they were willing to enter into the conspiracy, and demonstrating their past successful working relationship—is not substantially outweighed by the risk of unfair prejudice.

Thus, the Court **grants in part** the Government's motion in limine (**ECF No. 70**), and the Court **denies** Defendant Rodriguez Arteaga's motion to strike. (**ECF No. 80**.)

**Done and ordered** in Miami, Florida, on November 1, 2024.

Robert N. Scola, Jr.
United States District Judge